23-7383
*Cheng v. HSBC Bank*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of November, two thousand twenty-four.

Present:
> MICHAEL H. PARK,
> BETH ROBINSON,
> MYRNA PÉREZ,
> *Circuit Judges.*

---

JI DONG CHENG,

> *Plaintiff-Appellant,*

v.                                                                    23-7383

HSBC BANK USA, N.A.,

> *Defendant-Appellee.*\*

---

FOR PLAINTIFF-APPELLANT:          DANIEL A. SCHLANGER, Schlanger Law Group, LLP, New York, NY (Beth E. Terrell, Terrell Marshall Law Group PLLC, Seattle, WA *on the brief*).

FOR DEFENDANT-APPELLEE:          MARK S. MELODIA, Holland & Knight, LLP, Philadelphia, PA (Qian Shen, Holland & Knight, LLP, New York, NY *on the brief*).

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and **REMANDED**.

Plaintiff-Appellant Ji Dong Cheng appeals from the district court's denial of class certification and subsequent dismissal of his individual claims for failure to meet the amount-in-controversy requirement for federal diversity jurisdiction. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The district court denied Cheng's motion for class certification because he failed to satisfy the adequacy requirement of Rule 23(a)(4). *See* Fed. R. Civ. P. 23(a)(4) (a class representative must "fairly and adequately protect the interests of the class"). Cheng claims that HSBC breached its contract with its depositors and engaged in a deceptive practice under New York General Business Law § 349 by not providing interest on the same day an Automated Clearing House transfer is processed. But Cheng made a series of phone calls that suggest he did not actually expect to receive interest on the day he made a transfer. The district court thought this inconsistency meant Cheng's "path to recovery [was] obstructed by a key problem that other members of the prospective class [did] not share." App'x at 144. So the court declined to certify Cheng's proposed class.

"We review a district court order denying class certification for abuse of discretion as to the ultimate decision and as to each of the Rule 23 requirements." *Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 512 (2d Cir. 2020). "A district court by definition abuses its discretion

2

when it makes an error of law." *Koon v. United States*, 518 U.S. 81, 100 (1996). "We review *de novo* the district court's conclusions of law that informed its decision to deny class certification." *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 251 (2d Cir. 2011) (internal quotation omitted).

Here, although the district court denied class certification based on the adequacy requirement of Rule 23(a)(4), its analysis seems to go to the typicality requirement of Rule 23(a)(3). Typicality, which requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class," Fed. R. Civ. P. 23(a)(3), allows courts to consider whether "a putative class representative is subject to unique defenses which threaten to become the focus of the litigation," *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 59 (2d Cir. 2000) (cleaned up). The test for adequacy, by contrast, is twofold: "the proposed class representative [1] must have an interest in vigorously pursuing the claims of the class, and [2] must have no interests antagonistic to the interests of other class members." *Denney v. Deutsche Bank AG*, 443 F.3d 253, 268 (2d Cir. 2006).

The district court misapplied the adequacy test by considering Cheng's susceptibility to unique defenses. A class representative can still "fairly and adequately protect the interests of the class," Fed. R. Civ. P. 23(a)(4), if his "path to recovery is . . . obstructed by a key problem that other members of the prospective class do not share," App'x at 144. And the district court failed to provide any other basis for finding Cheng to be an inadequate class representative. That error requires us to vacate and remand. *See Baffa*, 222 F.3d at 61 n.5, 62 (vacating and remanding

3

when "the district court misapplied the adequacy rules" by considering a factor that "relate[d] to the typicality concerns of Rule 23").

It is also far from "obvious in context" that the district court's denial of class certification could be supported under the typicality requirement of Rule 23(a)(3). *Shahriar*, 659 F.3d at 252. With respect to Cheng's contract claim, if the terms and conditions of an HSBC account are unambiguous, or if evidence of Cheng's statements during the phone calls at issue would not otherwise be relevant to determining the meaning of his agreement with HSBC, then the possibility of "individualized defenses against" Cheng's contract claim would "rest on little more than speculation." *Wallace v. IntraLinks*, 302 F.R.D. 310, 316 (S.D.N.Y. 2014). Likewise, if Cheng's statements would have no bearing on the putative class claim under New York General Business Law § 349, then they would not give rise to individualized defenses with respect to those claims.

We decline to rule on whether Cheng's proposed class satisfies Rule 23(a)(3) because neither party argues typicality on appeal. But both parties have briefed legal questions that will be integral to any typicality analysis on remand, so we address those questions here.

With respect to the contract claims, the district court concluded that Cheng's own "understanding of the key terms" of his contract with HSBC was "the central issue in this case" in part because it had previously held that the contract language was ambiguous, and extrinsic evidence regarding his understanding of the agreement was thus relevant to the contract interpretation question. App'x 144–45. On appeal, Cheng challenges the district court's conclusion that his prior statements about the terms of his agreement with HSBC would be admissible and relevant to his breach-of-contract claim. He makes two arguments. First, he

4

contends that HSBC's disclosures unambiguously promise that the bank will begin paying interest on an ACH deposit transacted through a customer's HSBC account portal the same business day as the online transaction rather than upon actual receipt of the deposited funds, just as it begins paying interest on a *check* deposit upon receipt of the physical check.   Second, he contends that even if the agreement is ambiguous, testimony about his personal subjective understanding of the disclosures would not be relevant to his breach of contract claim.

We need not in this appeal decide whether the disclosures incorporated into the parties' agreement are ambiguous because we agree with Cheng that even if the contract is ambiguous, his subjective understanding is irrelevant to interpreting this uniform contract.   *See Sharon Steel Corp. v. Chase Manhattan Bank, N.A.*, 691 F.2d 1039 (2d Cir. 1982); *see also* Restatement (Second) of Contracts § 211 (stating that standardized agreements should be "interpreted wherever reasonable as treating alike all those similarly situated without regard to their knowledge or understanding of the standard terms of the writing").

Although the parties have briefed whether Cheng's phone calls would present unique defenses to his New York General Business Law § 349 claim, the district court did not expressly address whether Cheng's subjective understanding of the disclosures, and whether his having read the disclosures at all, would be relevant to that claim.   "We are a court of review, not of first view," *Decker v. Nw. Env't Def. Ctr.*, 568 U.S. 597, 610 (2013) (cleaned up), so we decline to address these questions in the first instance.

In light of the above analysis, we remand for the district court to determine whether Cheng satisfies adequacy, typicality, or any other Rule 23 requirement.   *See Langan v. Johnson &*

*Johnson Consumer Companies, Inc.*, 897 F.3d 88, 98 (2d Cir. 2018) (class certification is a "discretionary determination that we think is best made by the district court").[1]

For the foregoing reasons, the judgment of the district court is **VACATED** and **REMANDED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Cheng also challenges on appeal the district court's dismissal of his claim pursuant to the Electronic Funds Transfer Act ("EFTA"). Ordinarily the district court's dismissal would merge into the final judgment, but because "we are now vacating the final judgment" of the district court, the order dismissing Cheng's EFTA claim "reverts to its original interlocutory status and we lack jurisdiction to entertain this claim on appeal." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 781 (2d Cir. 1999).